# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**KIMBERLY A. MARTIN,**

      **Plaintiff,**

|  |  |
|---|---|
| **v.** | **Civil Action 2:10-cv-00537** |
|  | **Judge Michael H. Watson** |
|  | **Magistrate Judge E.A. Preston Deavers** |

**INSIGHT COMMUNICATIONS**
**COMPANY, LP,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

## I.  INTRODUCTION

This matter is before the Court for consideration of the Motion of Defendants Insight Communications Company L.P. and Insight Communications of Central Ohio, LLC to Dismiss Plaintiff's Amended Complaint (ECF No. 11); the Motion of Defendant Timothy Martin to Dismiss Plaintiff's Amended Complaint (ECF No. 34)[1]; Plaintiff's Motion for Leave to File Amended Complaint, Instanter (ECF No. 17).[2]

---

[1]  Although Defendant Martin moves for dismissal pursuant to 12(b)(6), because he has already filed an answer to the Amended Complaint (Doc. # 5), the Court will interpret Defendant's Motion as a motion for judgment on the pleadings pursuant to 12(c).  *See Reed Elsevier, Inc. v. TheLaw.net Corp.*, 269 F. Supp. 2d 942, 948 (S.D. Ohio 2003) ("[W]here the pleadings are closed but a defendant mistakenly moves to dismiss under Rule 12(b)(6), instead of Rule 12(c), the Sixth Circuit has held that 'where the substance of the motion is plain,' it is proper to treat a motion styled as one under Rule 12(b)(6) as if it were brought under Rule 12(c).") (quoting *Wagner v. Higgins*, 754 F.2d 186, 188 (6th Cir.1985)).

[2]  The Court has referred Defendants' Motions to Dismiss to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), for the issuance of a Report and Recommendation.  Defendants Insight Communications Company L.P. and Insight Communications of Central Ohio, LLC have also filed a Motion to Strike certain arguments within Plaintiff's Memorandum Contra to Defendant Martin's Motion to Dismiss.  (ECF No. 36)  For the reasons described below, the undersigned

In her Amended Complaint (ECF No. 4), Plaintiff, Kimberly A. Martin, brings a number of claims against the moving Defendants.  These claims arise out of her arrest and subsequent prosecution for the crime of identity theft.  The claims include malicious prosecution and abuse of process.  Defendants Insight Communications Company L.P. and Insight Communications of Central Ohio, LLC (hereinafter "Insight Defendants"), as well as Defendant Timothy Martin, move for dismissal contending that Plaintiff has failed to allege sufficient facts to support her malicious prosecution, abuse of process, and Ohio Revised Code § 2921.45 claims.  (*See, e.g.*, Insight Mot. Dismiss 5–6, 9–11, ECF No. 11.)  Plaintiff opposes dismissal and also requests that the Court allow her to file her proposed Second Amended Complaint (ECF No. 17-1).  The Insight Defendants maintain that allowing Plaintiff to file her proposed Second Amended Complaint would be futile because it also fails to state a claim.  (*See generally* Opp'n Mot. Leave File Am. Compl., ECF No. 20.)

For the reasons that follow, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' Motions to Dismiss, and **DENY** Plaintiff's Motion for Leave to File Amended Complaint, Instanter, to the extent that it attempts to revive claims against the moving Defendants.[3]

---

**RECOMMENDS** that the Motion to Strike be **DENIED** as moot in light of this Report and Recommendation.

[3]  The Court has given Plaintiff adequate opportunity to amend her Complaint in this action and Plaintiff has attempted to do so.  Nevertheless, as described below, Plaintiff's proposed Second Amended Complaint is futile because it fails to state a claim against the moving Defendants.

## II.  BACKGROUND

A.  <u>Plaintiff's First Amended Complaint</u>

Plaintiff brings this action against the Insight Defendants; Timothy Martin, her ex-spouse; Scioto County Deputy Steve Van Hoose; Scioto County Sheriff Marty V. Donini; Scioto County, Ohio; the Scioto County Board of Commissioners; and John Does 1–5.  (Am. Compl. ¶¶ 1–5, ECF No. 4.)  In her Amended Complaint (hereinafter "First Amended Complaint"), Plaintiff maintains that Defendants collectively caused the issuance of an arrest warrant against her for felony identity fraud.  (*Id.* at ¶ 6.)  The affaint who sought the warrant accused Plaintiff of using the identifying information of Jeffrey or Michael Martin, who is Plaintiff's son, without consent, and with the intent to represent it as her own.[4]  (*Id.*)  According to the allegations in the First Amended Complaint, the warrant maintained that Plaintiff incurred a legal obligation of $500 or more, but less than $5,000, in violation of Ohio Revised Code § 2913.49(B)(2)(C).  (*Id.*)

On November 7, 2008, Plaintiff was arrested in Franklin County. (*Id.* at ¶ 7.)  Plaintiff maintains that she remained in jail until approximately November 14, 2008, when she was arraigned in Scioto County and released on a recognizance bond.  (*Id.* at ¶ 8.)  Plaintiff asserts that Scioto County prosecutors dismissed the case against her on May 7, 2009, and that she was innocent of the charges against her.  (*Id.* at ¶¶ 10, 13.)  According to Plaintiff, as a result of the warrant and Defendants' actions, Plaintiff was arrested and jailed; lost her job; and suffered numerous other injuries including embarrassment, humiliation, and damage to her reputation. (*See id.* at ¶¶ 9, 11–12, 14.)

Based on the facts alleged above, Plaintiff brings five causes of action in her First

---

[4]  The various Complaints identify Plaintiff's son as both "Jeffrey" (Am. Compl. ¶ 6, ECF No. 4) and "Michael."  (Second Am. Compl. ¶ 9, ECF No. 17-1.)

Amended Complaint.  In her first cause of action, Plaintiff brings claims of malicious prosecution, false arrest, and false imprisonment against Defendants collectively.[5]  (*Id.* at ¶ 20.)  Within this cause of action, Plaintiff contends that Defendants should have known Plaintiff was not guilty; acted without probable cause; presented perjured testimony; failed to investigate the facts; failed to reveal exculpatory evidence; and acted "maliciously" and "for malicious purpose, in bad faith and/or in a wanton and reckless manner, with deliberate indifference, and/or negligence."  (*Id.* at ¶¶ 15–19.)  Second, Plaintiff brings an abuse of process claim against all Defendants, once again maintaining that Defendants acted "for malicious purposes."  (*Id.* at ¶¶ 22–23.)  Third, Plaintiff brings a cause of action under Ohio Revised Code 2921.45, asserting that Defendants interfered with her civil rights.  Finally, in her fourth and fifth causes of action Plaintiff brings claims against Defendants Van Hoose, Donini, Scioto County, the Scioto County Board of Commissioners, and "individual officers," for violations of 42 U.S.C. § 1983.  (*Id.* at ¶¶ 26–35.)

B.  Plaintiff's Proposed Second Amended Complaint

On August 4, 2010, Plaintiff filed her Motion for Leave to File Amended Complaint, Instanter (ECF No. 17), along with her proposed Second Amended Complaint (ECF No. 17-1). In her Motion, Plaintiff maintains that the Second Amended Complaint is more specific as to her claims against all Defendants.  (Mot. Leave Am. Compl. 2, ECF No. 17.)  Additionally, Plaintiff indicates that the Second Amended Complaint withdraws her claims of wrongful imprisonment

---

[5]  Within her cause of action, and throughout her Amended Complaint, Plaintiff fails to segregate her claims as against individual Defendants and frequently refers to Defendants collectively.

and arrest, and identifies John Doe 1 as Detective Jodi A. Conkel.[6]  (*Id.*)

In her proposed Second Amended Complaint, Plaintiff maintains that the Insight Defendants erroneously placed her order for cable television services under the name of Michael Martin, her minor child.[7]  (Second Am. Compl. ¶ 9, ECF No. 17-1.)  According to Plaintiff, this order resulted in cable service charges of $165.21.  (*Id.* at ¶ 10.)  Plaintiff next contends that the Insight Defendants, in concert with other Defendants, acted with some undetermined mental state, ranging from specific intent to negligence, to manufacture evidence and misrepresent the value of the relevant cable services.  (*Id.* at ¶ 11.)  Within the Second Amended Complaint, Plaintiff then asserts that all Defendants, with some undetermined mental state ranging from specific intent to negligence, manufactured evidence and misrepresented the value of Plaintiff's cable services to the Scioto County Grand Jury.  (*Id.* at ¶ 12.)  Plaintiff maintains that as a direct result of the information provided, an arrest warrant was issued against her, which led to her arrest and subsequent jailing.  (*Id.* at ¶¶ 15–16.)  According to Plaintiff, despite the fact that Defendants knew or should have known that the cable services she incurred were less than $500, Defendants failed to advise the Scioto County Prosecutor that Plaintiff was innocent.  (*Id.* at ¶ 13–14.)

Plaintiff's Second Amended Complaint alters her causes of action as to her malicious

---

[6] Ultimately, the undersigned recommends that, if the remainder of this Report and Recommendation is adopted, that the Court grant Plaintiff's Motion for Leave to File Amended Complaint for these two limited purposes only.  Because Plaintiff seeks to withdraw her wrongful imprisonment and arrest claims, the undersigned will not address the merits of these claims as to the moving Defendants.

[7] Plaintiff opines that this error occurred with some level of fault, ranging from intentional action to negligence.  (Second Am. Compl. ¶ 9, ECF No. 17-1.)

prosecution and abuse of process claims.[8]  With regard to her malicious prosecution claim, Plaintiff contends that Defendants instigated and procured her arrest, detention, and prosecution through the facts they presented to the Scioto County Sheriff or Grand Jury.  (*Id.* at ¶¶ 27–28.) Furthermore, Plaintiff asserts that Defendants failed to provide exculpatory evidence to the Scioto County Prosecutors Office, and in failing to do so ratified her continued prosecution.  (*Id.* at ¶¶ 29–30.)  Plaintiff maintains that Defendants acted with "malicious purpose."  (*Id.* at ¶ 31.) As to Plaintiff's abuse of process claim, she asserts that Defendants perverted a legal proceeding "to attempt to accomplish an ulterior purpose."  (*Id.* at ¶ 35.)

C.  <u>Defendants' Motions to Dismiss</u>

The Insight Defendants maintain that all of Plaintiff's causes of action within her First Amended Complaint fail to state a claim upon which relief may be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Insight Defendants contend that Plaintiff's First Amended Complaint fails to plead sufficiently specific facts concerning multiple elements of malicious prosecution and abuse of process, and also that they are absolutely immune from these claims under Ohio law.  (Insight Mot. Dismiss 5–6, ECF No. 11.) Furthermore, the Insight Defendants assert that they are not "public servants" withing the meaning of the State's civil rights statute, Ohio Revised Code § 2921.45.  On November 11, 2010, Defendant Martin filed his Motion to Dismiss (ECF No. 34), which the Court interprets as a motion for judgment on the pleadings.  Defendant Martin's Motion echoes the Insight Defendants' Motion to Dismiss.  (*Compare* Martin Mot. Dismiss, ECF No. 34; *with* Insight Mot. Dismiss, ECF No. 11.)

---

[8]  Plaintiff's claims under Ohio Revised Code 2921.45 and 42 U.S.C. § 1983 remain substantially unchanged in the Second Amended Complaint.

The Insight Defendants oppose Plaintiff's Motion for Leave to File her Second Amended Complaint.  Specifically, the Insight Defendants believe that allowing Plaintiff to file the Second Amended Complaint would be futile because it would not survive a motion to dismiss under Rule 12(b)(6).  (Opp'n Mot. Leave File Am. Compl. 1, ECF No. 20.)  The Insight Defendants contend that Plaintiff's Second Amended Complaint still fails to plead sufficient facts as to the elements of her malicious prosecution and abuse of process claims.  (*Id.* at 7–10.)  Additionally, the Insight Defendants continue to maintain that they are absolutely immune from liability on these claims.[9]  (*Id.* at 5–6.)

In response to the Insight Defendants' Motion to Dismiss, Plaintiff contested the Insight Defendants' assertions as to her abuse of process and malicious prosecution claims.  (Mem. Contra Insight Mot. Dismiss 1–4, ECF No. 18.)  Nevertheless, Plaintiff stated that she "makes no state or federal civil rights claims against Insight."  (*Id.* at 5.)  When responding to Defendant Martin's Motion to Dismiss, however, Plaintiff raises arguments regarding her civil rights claims against both Defendant Martin and the Insight Defendants.  (Mem. Contra Martin Mot. Dismiss 4–8, ECF No. 35.)  The Insight Defendants maintain, based on Plaintiff's prior representation, that the Court should strike these arguments to the extent they relate to the Insight Defendants. (*See generally*, Mot. Strike, ECF No. 36.)

---

[9]  The Insight Defendants also note that Plaintiff, in seeking leave to amend her Complaint, has failed to comply with the consultation requirement within S.D. Ohio Civ. R. 7.3.

## II.  STANDARDS OF REVIEW

A.  <u>Federal Rules of Civil Procedure 12(b)(6) and 12 (c)</u>[10]

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 129 S.Ct. at 1949.  Finally, the standards of Rule 8

---

[10]  A motion filed under Federal Rule of Civil Procedure 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.  *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

apply to pleadings regarding a person's mental state. *See id.* at 1954 (indicating that while a plaintiff was not required to plead a person's state of mind with particularity, the standards of Rule 8 still apply); *see also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) (requiring that "pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind"); *Robin v. Arthur Young & Co.*, 915 F.2d 1120, 1127 (7th Cir. 1990) ("[W]hile the defendant's mental state need not be pleaded with particularity, the complaint must still afford a basis for believing that plaintiffs could prove scienter.") (internal citations omitted).

In her briefings, Plaintiff appears to question the applicability of *Iqbal* or at least contends that this recent Supreme Court case did not substantially change the complexion of notice pleading as required under the Federal Rules of Civil Procedure. (*See* Mem. Contra Insight Mot. Dismiss 4.) Plaintiff is correct that she is not required to prove her case in her pleadings, and if she does plead sufficient facts to support her claim, the Court cannot dismiss it because the facts pleaded seem implausible. *See Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 630 (6th Cir. 2009). Nevertheless, a party's pleadings still must contain sufficient factual assertions to make his or her overall claims plausible. *Id.* Furthermore, the United States Court of Appeals has noted that while "[Federal Rule of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Howard v. City of Girard*, 346 F. App'x 49, 51 (6th Cir. 2009).

B. Federal Rule of Procedure 15(a)

Pursuant to the Federal Rules of Civil Procedure, the Court should freely grant a party leave to amend his or her pleadings when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a)

sets forth "a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir.2001)). "A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir.1986)); *see also Frey v. Novartis Pharm. Corp.*, 642 F.Supp.2d 787, 796 (S.D. Ohio 2009) (applying the *Twombly* standard in deciding that amendment to a complaint would be futile).

## III.  LEGAL ANALYSIS

Through their Motions to Dismiss, Defendants contend that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. Additionally, the Insight Defendants maintain that allowing Plaintiff to file her proposed Second Amended Complaint would be futile because it also fails to state a claim.[11] Accordingly, in analyzing Plaintiff's

---

[11] Although Defendant Martin has not technically opposed Plaintiff's Motion for Leave to file her Second Amended Complaint, Defendant Martin's Motion to Dismiss is nearly identical to the Insight Defendants' Motion to Dismiss. Furthermore, the Insight Defendants challenge Plaintiff's Second Amended Complaint on the same basic grounds as they challenge Plaintiff's First Amended Complaint. Accordingly, for the purposes of judicial efficiency, the Court will consider whether allowing Plaintiff to file her proposed Second Amended Complaint would be futile as to both the Insight Defendants and Defendant Martin.

claims the undersigned will consider Plaintiff's First Amended Complaint and her proposed Second Amended Complaint. The undersigned will address Plaintiff's malicious prosecution, abuse of process, and Ohio Revised Code § 2921.45 claims separately.[12]

A. Malicious Prosecution

    1. Applicable Law

    Under Ohio law, "the elements of the tort of malicious criminal prosecution are: '(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused.'" *Graham v. Best Buy Stores, L.P.*, 298 F. App'x 487, 497 (6th Cir. 2008) (quoting *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 146 (Ohio 1990)). For the purposes of a malicious prosecution claim "[m]alice is defined as 'an improper purpose or any purpose, other than the legitimate interest of bringing an offender to justice.'" *Id.* (quoting *Criss v. Springfield Twp.*, 56 Ohio St.3d 82, 85 (Ohio 1990)). Nevertheless, "if [a] lack of probable cause is demonstrated, 'the legal inference may be drawn that the proceedings were actuated by malice.'" *Thacker v. City of Columbus*, 328 F.3d 244, 261 (6th Cir. 2003) (quoting *Tourlakis v. Beverage Distribs., Inc.*, No. 81222, 2002 WL 31875970, at *4 (Ohio. Ct. App. Dec. 26, 2002)).

--------

[12] Plaintiff's Amended Complaints also raise 42 U.S.C. § 1983 claims against Defendants Van Hoose, Donini, Scioto County, the Scioto County Board of Commissioners, and "individual officers." (*See, e.g.*, Second Am. Compl. ¶¶ 38–47.) Even read leniently, however, Plaintiff's Amended Complaints provide no indication that Plaintiff brings these § 1983 claims against the moving Defendants. (*See id.*) Furthermore, Plaintiff's bare assertions that Defendants were acting "collectively" in providing information, without more, is not enough to establish that the moving Defendants were acting under the "color of law" for the purposes of § 1983. *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'").

To hold a private person liable for malicious prosecution, a plaintiff must satisfy all of the three malicious prosecution elements listed above.  *Ash v. Ash*, 72 Ohio St. 520, 522 (Ohio 1995).  A plaintiff must, therefore, demonstrate that the private person instituted or continued the prosecution.  *See id.*  The Supreme Court of Ohio has provided the following guidance as to when a private individual may be liable for instituting or procuring a prosecution:

> Where a private person gives to a prosecuting officer information which he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this section even though the information proves to be false and his belief therein was one which a reasonable man would not entertain. The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.

> If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible and a prosecution based thereon is procured by the person giving the false information. *In order to charge a private person with the responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated expressed by direction, request, or pressure of any kind was the determining factor in the official's decision to commence the prosecution or [that] the information furnished by him upon which the official acted was known to be false.*

*Archer v. Cachat*, 165 Ohio St. 286, 287–88 (Ohio 1956) (internal quotations omitted and emphasis added).  On the other hand, a private person may be liable for continuation of the proceedings if "a party [] actively insist[s] upon or urge[s] the prosecutor to continue the criminal proceedings once he learns that the charge is not well founded."  *Bacon v. Kirk*, No. 1-99-33, 2000 WL 1648925, at *21 n.24 (Ohio. Ct. App. Oct. 31, 2000).

2.  <u>Analysis</u>

Even assuming Defendants are not absolutely immune from civil liability for Plaintiff's

state law claims,[13] Plaintiff has failed to satisfy the facial plausibility standards of *Iqbal* and *Twombly*.  Plaintiff's First Amended Complaint and proposed Second Amended Complaint both suffer from numerous instances of asserting legal contentions and conclusory statements that are unsupported by a factual basis.  Even viewing her Amended Complaints in the most positive light, Plaintiff has failed to plead sufficient facts to allow the Court to draw a reasonable inference that the moving Defendants maliciously instituted or continued her prosecution.

The moving Defendants are private individuals.  In order to state a claim, therefore, Plaintiff must plead sufficient facts to support an inference that Defendants either instituted or continued Plaintiff's prosecution.  In other terms, Plaintiff's pleadings must indicate that Defendants knowingly provided false information that led to the prosecution or that Defendants actively encouraged the prosecutor to continue proceedings after learning that the charges were unfounded.

Plaintiff has failed to plead sufficient facts, in either of her Amended Complaints, that Defendant Martin instituted or participated in the continuation of her prosecution.  Other than identifying Defendant Martin as Plaintiff's ex-husband, Plaintiff provides little information in her Amended Complaints concerning how Defendant Martin is actually involved in Plaintiff's action.  In her First Amended Complaint, Plaintiff appears to base her malicious prosecution

---

[13] To the extent Plaintiff grounds her claims on Defendants' communications with the grand jury and prosecutor, Defendants are immune from civil liability under Ohio law.  *See M.J. DiCorpo, Inc. v. Sweeney*, Ohio St. 3d 497, 505 (1994) (holding that absolute immunity applies to judicial proceedings, and holding that such immunity applies to statements made to a prosecutor for the purposes of reporting a crime); *Taplin-Rice-Clerkin Co. v. Hower*, 124 Ohio St. 123, 125 (Ohio 1931) ("[T]estimony given before the grand jury is privileged, and, in a case for malicious prosecution, such as the case at bar, is therefore inadmissible.").  Nevertheless, because the undersigned finds that Plaintiff has failed to plead sufficient facts as to both her malicious prosecution and abuse of process claims, it is unnecessary to further consider this issue.

claim on the assertion that Defendant Martin, collectively with all the other Defendants, "caused a warrant to issue for the arrest of Plaintiff" for a felony identity fraud charge involving a legal obligation of at least $500, but less than $5,000. (Am. Comp. ¶ 6, ECF No. 4.) The Second Amended Complaint only adds that Defendant Martin, individually or in concert with the other Defendants, misrepresented that the value of her relevant cable services was over $500, and that these misrepresentations led to her arrest and detention. (Second Am. Compl. at ¶¶ 11–13, 24, ECF No. 17-1.) The Second Amended Complaint also clarifies, to a certain degree, that Defendant Martin made the relevant misrepresentations to either the Scioto County Grand Jury or the Scioto County Sheriff. (*See,* e.g., *id.* at ¶¶ 12, 28.)

Even when taken collectively, however, Plaintiff's Amended Complaints provide no factual assertions to support the notion that Defendant Martin was aware that the information he was producing was false. In fact, Plaintiff's Second Amended Complaint seems to acknowledge on various occasions that Defendant Martin might have been merely reckless or negligent in providing false information, and that Plaintiff does not know the mental state with which Defendant Martin acted. (*Id.* at ¶¶ 12–13.) Furthermore, neither of Plaintiff's Amended Complaints provides factual detail to support the notion that Defendant Martin was actively urging the prosecutor to continue criminal proceedings against Plaintiff. The closest Plaintiff comes is her assertion that Defendants, collectively, knew or should have known that she was innocent, and failed to advise the prosecutor. (*See* Second Am. Compl. ¶ 30.) Nevertheless, this information is not enough to reasonably infer that Defendant Martin was actively involved in continuing Plaintiff's prosecution, or issued any direction to or pressure upon the prosecutor. Accordingly, Plaintiff has failed to plead sufficient facts that Defendant Martin either instituted or continued her prosecution. She has, therefore, failed to state a claim for malicious prosecution

against Defendant Martin under Ohio law.

Plaintiff also fails to plead a facially plausible claim against the Insight Defendants. Once again, Plaintiffs' Amended Complaints do not provide sufficient facts to justify a reasonable inference that the Insight Defendants instituted or continued Plaintiff's prosecution. The First Amended Complaint contains only the same bare assertions against the Insight Defendants that it raises against Defendant Martin.  Plaintiff's proposed Second Amended Complaint does provide some further detail regarding the Insight Defendants involvement in this action.  Specifically, Plaintiff asserts that the Insight Defendants, with some undetermined mental state ranging from intent to negligence, placed Plaintiff's order for cable services in the name of her minor child and charged her $165.21.  (Second Am. Compl. ¶¶ 9–10.)  The Second Amendment then maintains that the Insight Defendants, collectively with all the other Defendants misrepresented that the value of the relevant cable services to either the Scioto County Grand Jury or the Scioto County Sheriff.  (*Id.* at ¶¶ 11–13, 24.)

Once again, Plaintiff does not plead the factual support necessary to indicate that the Insight Defendants knowingly provided false information.  Plaintiff's Second Amended Complaint clarifies, to a certain degree, what information the Insight Defendants provided. Nevertheless, this is not enough to support her claim that the Insight Defendants instituted her prosecution.  To state a malicious prosecution claim Plaintiff must provide sufficient facts in the pleadings to indicate that the Insight Defendants knowingly provided false information.  Neither of Plaintiff's Amended Complaints asserts any facts indicating that some ill will existed between Plaintiff and the Insight Defendants prior to Plaintiff's prosecution.  Furthermore, Plaintiff has not provided any factual information making it even plausible that the Insight Defendants would knowingly lie to either a grand jury or the police about Plaintiff or the value

15

of her cable services.  Rather, Plaintiff's Amended Complaint frequently admits that the Insight

Defendants may have acted with either recklessness or negligence, and that she is unaware of

these Defendants' exact mental state.  (*See id.* at ¶¶ 11–13.)  Furthermore, as was the case with

Defendant Martin, neither of Plaintiff's Amended Complaints suggests that the Insight

Defendants applied any pressure on the prosecutor or actively insisted on Plaintiff's prosecution.

Under these circumstances, Plaintiff has failed to sufficiently plead that the Insight Defendants

either instituted or continued her prosecution.[14]

B.  Abuse of Process

    1.  Applicable Law

       Plaintiff's second cause of action against the moving Defendants is abuse of process.

Under Ohio law, "[i]n order to maintain a claim for abuse of process, a plaintiff must show '(1)

that a legal proceeding has been set in motion in proper form and with probable cause; (2) that

the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was

not designed; and (3) that direct damage has resulted from the wrongful use of process.'"

*Pierson v. Aaron's Rental*, No. 10AP-245, 2010 WL 4522425, at \*8 (Ohio. Ct. App. Nov. 9,

2010) (quoting *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 270 (Ohio 1996)).

The *Pierson* Court went on to describe the ulterior purpose element:

       To prevail on a claim for abuse of process, a plaintiff must prove that one used

---

    [14]  Although it is altogether unclear from the allegations in Plaintiff's Complaints, it
appears that the Scioto County Grand Jury may have indicted Plaintiff.  (*See* Second Am.
Compl. ¶ 15, ECF No. 17-1.)  To establish the tort of malicious prosecution, Plaintiff must
demonstrate a lack of probable cause.  Under Ohio law, a grand jury indictment creates a
presumption of probable cause.  *Barstow v. Waller*, No. 04CA5, 2004 WL 2427396, at \*12
(Ohio Ct. App. Oct. 26, 2004).  "In order to overcome this presumption, the plaintiff must
provide substantial evidence that the grand jury proceeding received perjured testimony or was
otherwise significantly irregular."  *Id.*

> process with an ulterior motive, as the gist of the offense is found in the manner in which process is used.  The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money . . . .  Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order.

*Id.* (internal citations and quotations omitted).

2. <u>Analysis</u>

Even assuming Plaintiff has properly alleged the other elements of her abuse of process claim,[15] Plaintiff fails to satisfy federal pleading requirements for the ulterior purpose element. Plaintiff merely recites the ulterior purpose element of her abuse of process claim, without any further factual support.[16]  Specifically, Plaintiff's Second Amended Complaint state*s* that Defendants perverted legal proceedings, "to attempt to accomplish an ulterior purpose . . . ." (Second Am. Compl. ¶ 35, ECF No. 17-1.)  Plaintiff does not identify what ulterior motive with which Defendants were acting, nor does she plead facts that allow the Court to reasonably infer that Defendants had some ulterior motive.  Rather, as noted above, Plaintiff's Second Amended Complaint states that she is uncertain whether Defendants were acting intentionally, recklessly, or negligently.  (*See id.* at ¶¶ 11–13.)  Under these circumstances, Plaintiff's has failed to satisfy the facial plausibility standard for her abuse of process claim.  *See Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555).

---

[15]  There is some inconsistency, within both Plaintiff's Complaints and briefings, regarding whether probable cause existed at the beginning of her prosecution.  (*See, e.g.*, Second Am. Compl. ¶¶ 27, 35, ECF No. 17-1.)  Nevertheless, the undersigned will assume Plaintiff is attempting to plead in the alternative with respect to the presence of probable cause.

[16]  Plaintiff's First Amended Complaint fails even to mention the ulterior purpose element of abuse of process.  (*See* Am. Compl. ¶¶ 21–23, ECF No. 4.)

C.  Ohio Revised Code § 2921.45

Plaintiff's brings her final cause of action against the moving Defendants under Ohio Revised Code § 2921.45.[17]  Section 2921.45 specifically provides that "[n]o *public servant*, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."  Ohio Rev. Code § 2921.45 (emphasis added).  For the purposes of § 2921.45, public servant means any of the following:

(1) Any public official;

(2) Any person performing ad hoc a governmental function, including, but not limited to, a juror, member of a temporary commission, master, arbitrator, advisor, or consultant;

(3) A person who is a candidate for public office, whether or not the person is elected or appointed to the office for which the person is a candidate. A person is a candidate for purposes of this division if the person has been nominated according to law for election or appointment to public office, or if the person has filed a petition or petitions as required by law to have the person's name placed on the ballot in a primary, general, or special election, or if the person campaigns as a write-in candidate in any primary, general, or special election.

Ohio Rev. Code § 2921.01(B).

In this case, Plaintiff has failed to allege sufficient facts to indicate that Defendants are public servants within the meaning of § 2921.45.  First, Plaintiff's Amended Complaints state no facts supporting the notion that any of the moving Defendants are either public officials or candidates for public office.  Nor do Defendants' roles as a witness or informer fit within the type of positions described as ad hoc governmental functions.  *See* Ohio Rev. Code § 2921.01(B)(2); *see also* Ohio Rev. Code § 2921.05 (separately listing "public servant" and

---

[17]  The Insight Defendants are correct that Plaintiff's Opposition to their Motion to Dismiss stated that she was not bringing a state civil rights claim against the Insight Defendants. Nevertheless, because Plaintiff now indicates this statement was an error, the undersigned will consider the merits of this claim.

"witness").  Furthermore, although Plaintiff's Amended Complaints state, without any further elaboration, that Defendants were acting collectively, Plaintiff pleads no facts to indicate that the moving Defendants were acting on behalf of the state.  *See Graham v. Johanns*, No. 2:07-cv-453, 2008 WL 3980870, at *14 (S.D. Ohio 2008) (holding a plaintiff was not a public servant under Ohio law because there was no evidence "that she was acting in any capacity on behalf of a state government entity").  Accordingly, because Plaintiff has failed to plead facts that demonstrate that Defendants are public servants, she is not entitled to relief against them under Ohio Revised Code § 2921.45.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court:

- **GRANT** the Motion of Defendants Insight Communications Company L.P. and Insight Communications of Central Ohio, LLC to Dismiss Plaintiff's Amended Complaint (ECF No. 11) and **DISMISS** Plaintiff's claims against the Insight Defendants with prejudice.

- **GRANT** the Motion of Defendant Timothy Martin to Dismiss Plaintiff's Amended Complaint (ECF No. 34) and **DISMISS** Plaintiff's claims against Defendant Martin with prejudice.

- **GRANT** Plaintiff's Motion for Leave to File Amended Complaint, Instanter (ECF No. 17) to the extent Plaintiff wishes to withdraw her claims for wrongful imprisonment and arrest, and to identify John Doe 1 as Jodi A. Conkel.  In doing so the Court should **DIRECT** the clerk to file Plaintiff's "Second Amended Complaint" (ECF No. 17–1.)

• **DENY** Plaintiff's Motion for Leave to File Amended Complaint, Instanter (ECF No. 17) as futile to the extent the Motion attempts to revive claims against Defendants Insight Communications Company, LP, Insight Communications of Central Ohio, LLC, and Timothy Martin.

• **DENY** the Insight Defendants' Motion to Strike (ECF No. 36) as moot in light of this Report and Recommendation.

## V. NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the

issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


January 26, 2010                                                   /s/ *Elizabeth A. Preston Deavers*
                                                                   Elizabeth A. Preston Deavers
                                                                   United States Magistrate Judge