UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kimberly A. Martin,

      Plaintiff,

                                        Civil Action 2:10–cv–537

v.                                    Judge Michael H. Watson

Insight Communications
Company, LP, *et al.*,

      Defendants.

## OPINION AND ORDER

On January 26, 2011, upon the referral of the Court, the Magistrate Judge issued a Report and Recommendation (ECF No. 42) in this case. The Magistrate Judge specifically recommended that the Court grant the Motion of Defendants Insight Communications Company L.P. and Insight Communications of Central Ohio, LLC to Dismiss Plaintiff's Amended Complaint (ECF No. 11); grant the Motion of Defendant Timothy Martin to Dismiss Plaintiff's Amended Complaint (ECF No. 34); and deny Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 17) as futile to the extent the Motion attempts to revive claims against Defendants Insight Communications Company, LP, Insight Communications of Central Ohio, LLC, and Timothy Martin.[1] (Report & Recommendation 19–20, ECF No. 42.)

---

[1] The Magistrate Judge also recommended that the Court deny the Motion of Defendants Insight Communications Company, L.P. and Insight Communications of Central Ohio, LLC to Strike (ECF No. 36) as moot in light of her other recommendations. (Report & Recommendation 20, ECF No. 42.)

On February 14, 2011, Plaintiff submitted Objections to the Report and Recommendation, contending that Plaintiff has pled sufficient facts to state claims against the moving Defendants.  (*See generally* Objections, ECF No. 44.)  Defendants Insight Communications Company L.P. and Insight Communications of Central Ohio, LLC (hereinafter collectively the "Insight Defendants"), as well as Defendant Timothy Martin (hereinafter "Martin") have responded to Plaintiff's Objections.  (ECF No. 48, 49.)

For the following reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge to the extent it is consistent with this Opinion and Order.  The Court will allow, however, Plaintiff an opportunity to amend her Complaint as to Defendant Martin.

## I.  INTRODUCTION

A. <u>Background Facts</u>

Plaintiff's claims arise from her November 7, 2008 arrest in Franklin County for felony identity fraud involving between $500.00 and $5,000.00.[2]  (Second Am. Compl. ¶¶ 15–16, ECF No. 17-1.)  Following her arrest, Plaintiff was jailed until November 14, 2008.  (*Id.* at ¶ 17.)  The prosecutor dismissed the charges against her on May 7, 2009.  (*Id.* at ¶ 20.)

Plaintiff maintains that the actions of all of the Defendants led to her arrest and

---

[2]  The Court notes that there are two relevant Complaints in this matter.  Plaintiff filed her first Amended Complaint (ECF No. 4) on June 9, 2010.  In Response to the Insight Defendants' Motion to Dismiss, Plaintiff filed a Motion for Leave to File Amended Complaint (ECF No. 17), and attached her proposed Second Amended Complaint (ECF No. 17-1).  In describing Plaintiff's allegations, the Court will focus on Plaintiff's proposed Second Amended Complaint, as this Complaint offers more detail regarding Plaintiff's allegations.  Nevertheless, the Court has considered both Plaintiff's first and second Amended Complaints in deciding whether to dismiss her claims and whether leave to amend would be futile.

resulting injuries.[3]  Specifically, Plaintiff maintains that the Insight Defendants, who

provide cable services, intentionally placed an order for those services in the name of

her minor child.[4]  (*Id.* at ¶ 9.)  As a result, Plaintiff incurred charges totaling $165.21.

(*Id.* at ¶ 10.)  Plaintiff contends that the Insight Defendants and Defendant Martin, her

ex-spouse, along with the rest of Defendants,[5] intentionally manufactured and

misrepresented evidence to either the Scioto County Grand Jury or Scioto County

Sheriff.  (*Id.* at ¶¶ 12, 28.)  According to Plaintiff, all of Defendants knew that Plaintiff did

not commit identity fraud.  (*Id.* at 14.)  Despite this knowledge, Plaintiff asserts that

Defendants failed to advise the Scioto County Prosecutor of Plaintiff's innocence.  (*Id.*

at ¶ 19.)

Based on these allegations, Plaintiff attempts to assert claims of malicious

prosecution, abuse of process, a violation of the state civil rights statute, Ohio Rev.

Code § 2921.45, and a violation of 42 U.S.C. § 1983 against the various Defendants.[6]

(Am. Compl., ECF No. 4.; Second Am. Compl., ECF No. 17-1.)  Plaintiff brings her

---

[3]  In addition to the moving Defendants, Plaintiff brings claims against Scioto County, Ohio; Sheriff Marty V. Donini; Sheriff's Deputy Steve Van Hoose; the Scioto County Board of Commissioners; and Jon Does 1–5. (Am. Compl. ¶¶ 1–5, ECF No. 4.)

[4]  In the alternative, Plaintiff maintains that the Insight Defendants acted "wilfully, purposefully, recklessly, and/or negligently . . . ." (Second Am. Compl. ¶ 9, ECF No. 17-1.) Plaintiff pleads in the alternative at various portions of her Amended Complaints regarding Defendants' mental states. For the purposes of evaluating Plaintiff's Complaints the Court will select the most favorable alternatives Plaintiff pleads. *See* Fed R. Civ. P. 8(d)(2) ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.")

[5]  Much confusion arises in these proceedings because, within her Complaints, Plaintiff frequently refers to Defendants collectively.

[6]  In her original Amended Complaint Plaintiff also brought claims for false arrest and false imprisonment, but in her Motion for Leave to File Amended Complaint Plaintiff seeks to withdraw these claims. (Mot. Leave File Am. Compl. 2, ECF No. 17.)

claims of malicious prosecution, abuse of process, and violation of Ohio Rev. Code §

2921.45 against all Defendants, including the Insight Defendants and Defendant Martin.

(Second Am. Compl. ¶¶ 25–37, ECF No. 17-1.)  Plaintiff, in both of her Complaints,

however, only names Defendants Steve Van Hoose, John Does 1–5,[7] Scioto County,

Ohio, Marty V. Donini, and the Scioto County Board of County Commissioner in her 42

U.S.C. § 1983 claim.  (Am. Compl. ¶¶ 26–34, ECF No. 4; Second Am. Compl.

¶¶ 38–46, ECF No. 17-1.)

B.  The Report and Recommendation

The Magistrate Judge outlined the allegations in both Plaintiff's original Amended

Complaint and her proposed Second Amended Complaint in her January 26, 2011

Report and Recommendation.  The Magistrate Judge then analyzed each of Plaintiff's

potential claims.  With regard to the malicious prosecution claim, the Magistrate Judge

found that Plaintiff's Amended Complaints failed to allege sufficient facts to indicate that

the moving Defendants either instituted or continued Plaintiff's criminal prosecution.

(Report & Recommendation 11–16, ECF No. 42.)  The Magistrate Judge also found

that Plaintiff failed to plead sufficient facts regarding the moving Defendants' ulterior

motive for the purposes of her abuse of process claim.  (*Id.* at 16–17.)  Next, the

Magistrate Judge determined that Plaintiff pled insufficient facts to establish that the

moving Defendants were public servants within the meaning of Ohio Rev. Code

§ 2921.45.  (*Id.* at 18–19.)  Finally, the Magistrate Judge determined that Plaintiff did

not bring her 42 U.S.C. § 1983 claims against the moving Defendants and, even if she

---

[7]  In her Motion for Leave to File Amended Complaint, Plaintiff seeks to identify John Doe 1 as
Detective Jodi Conkel.  (Mot. Leave File Am. Compl. 2, ECF No. 17.)

did, she pled insufficient facts to indicate that the Insight Defendants and Defendant Martin were acting under the color of law. (*Id.* at 11 n.12.)

C. Plaintiff's Objections

Plaintiff lists fourteen objections against the Magistrate Judge's Report and Recommendation. (*See generally* Objections, ECF No. 44.) A number of Plaintiff's Objection, however, are underdeveloped, leaving it unclear how she believes the Magistrate Judge specifically erred. *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ."). For example, a substantial portion of Plaintiff's Objections consists of Plaintiff simply restating the allegations within her proposed Second Amended Complaint, the implication being that the Magistrate Judge somehow ignored these allegations. (Objections 3–7, ECF No. 44.) Plaintiff does not clarify, however, exactly how any potential omissions affected the Magistrate Judge's analysis and led to error.

The Court has reviewed both Plaintiff's first and second Amended Complaints and the Report and Recommendation. The Court finds, on the whole, that the Report and Recommendation provided a fair and accurate summary of the allegations within Plaintiff's Amended Complaints. Clearly the Magistrate Judge was not required to quote every allegation within Plaintiff's Second Amended Complaint when performing her analysis.

Based on these circumstances, the Court will not address each of Plaintiff's objections sequentially. Rather, the Court will consider each of Plaintiff's claims and review the objections of Plaintiff that are relevant to each claim.

## II.  STANDARD OF REVIEW

When a party objects to a report and recommendation, "[a] judge of the court

shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b)(1).  "[T]he Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

In this case, based on the relevant motions, the Court must consider the

standards of Federal rules of Civil Procedure 12(b)(6), 12(c), and 15(a).[8]  The United

States Supreme Court has recently addressed pleading standards applicable under

Rules 12(b)(6) and 12(c).  *See generally Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937

(2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  In *Iqbal* the Supreme

Court specifically provided:

> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its
> face." [T]*wombly*, 550 U.S. at 570].  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged. *Id.*, at 556.
> The plausibility standard is not akin to a "probability requirement," but it asks
> for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*
> Where a complaint pleads facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line between possibility and
> plausibility of 'entitlement to relief.' " *Id.*, at 557 (brackets omitted).

129 S. Ct. at 1949.

Under *Iqbal* and *Twombly*, "[a] pleading that offers 'labels and conclusions' or 'a

---

[8]  Because Defendant Martin had already filed an Answer to the Amended Complaint (ECF No. 8), the Magistrate Judge treated his Motion to Dismiss as a motion for judgment on pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Nevertheless, the Court applies the same standards to a motion for judgment on the pleadings as a it does to a motion to dismiss. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S.Ct. at

1949 (quoting *Twombly*, 550 U.S. at 555). Furthermore, a complaint will not "suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting

*Twombly*, 550 U.S. at 557). Accordingly, when considering the sufficiency of pleadings,

the Court's first step is to identify all the bare assertions and legal conclusions "that are

not entitled to the assumption of truth." *Id.* at 1951.

In her Objections, Plaintiff appears to challenge the Supreme Court's standards,

maintaining that Plaintiff cannot be expected to provide detailed information before

discovery. (Objections 9–10, ECF No. 44.) Nevertheless, the Magistrate Judge

adequately addressed this line of reasoning:

> In her briefings, Plaintiff appears to question the applicability of *Iqbal* or at
> least contends that this recent Supreme Court case did not substantially
> change the complexion of notice pleading as required under the Federal
> Rules of Civil Procedure. (*See* Mem. Contra Insight Mot. Dismiss 4.)
> Plaintiff is correct that she is not required to prove her case in her pleadings,
> and if she does plead sufficient facts to support her claim, the Court cannot
> dismiss it because the facts pleaded seem implausible. *See Courie v. Alcoa
> Wheel & Forged Prods.*, 577 F.3d 625, 630 (6th Cir. 2009). Nevertheless, a
> party's pleadings still must contain sufficient factual assertions to make his
> or her overall claims plausible. *Id.* Furthermore, the United States Court of
> Appeals has noted that while "[Federal Rule of Civil Procedure] 8 marks a
> notable and generous departure from the hyper-technical, code-pleading
> regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff
> armed with nothing more than conclusions." *Howard v. City of Girard*, 346
> F. App'x 49, 51 (6th Cir. 2009).

(Report & Recommendation 9, ECF No. 42.)

Finally, in considering Plaintiff's Motion for Leave to File Amended Complaint,

the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). In

deciding whether justice requires amendment, the Court "must consider a number of

factors, among them '[u]ndue delay in filing, lack of notice to the opposing party, bad

faith by the moving party, repeated failure to cure deficiencies by previous

amendments, undue prejudice to the opposing party, and futility of amendment.'"

*Szoke v. United Parcel Serv. of Am., Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010)

(quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001)).  A proposed

amendment will be futile if the proposed amended complaint would not survive a motion

to dismiss.  *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir.

2010) (citing  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir.

2000)).

## III. ANALYSIS

A. Plaintiff's Claims

    1. Malicious Prosecution

Plaintiff's first claim against the Insight Defendants and Defendant Martin is for

malicious prosecution.[9]  The Magistrate Judge summarized the elements of malicious

prosecution under Ohio law.  Plaintiff's Objections do not raise any issues as to the law

she applied.  Specifically, the Magistrate Judge provided:

> Under Ohio law, "the elements of the tort of malicious criminal prosecution
> are: '(1) malice in instituting or continuing the prosecution, (2) lack of
> probable cause, and (3) termination of the prosecution in favor of the
> accused.'" *Graham v. Best Buy Stores, L.P.*, 298 F. App'x 487, 497 (6th Cir.

---

[9] In their Response to Plaintiff's Objections, the Insight Defendants maintain that they are entitled
to absolute immunity for any statements made to Scioto County Grand Jury or other authorities.  (Insight
Resp. Objections 12–13, Ecf No. 49.)  The Court echoes the Magistrate Judge's determination that to the
extent Defendants' made their alleged communications to the grand jury or prosecutor, Defendants are
immune from civil liability under Ohio law.  (Report & Recommendation 13 n.13, ECF No. 42); *see also*
*M.J. Dicorpo, Inc. v. Sweeney*, 69 Ohio St. 3d 497, 505 (1994) ("[T]he doctrine of absolute privilege for
statements made in a judicial proceeding applies in circumstances where . . . [a] statement is submitted to
a prosecutor for purposes of reporting the commission of a crime."); *Ventura v. Cincinnati Enquirer*, 246 F.
Supp. 2d 876, 881 (S.D. Ohio 2003) ("It has long been the law in Ohio that public policy precludes the use
of testimony before a grand jury as the basis for a civil action for malicious prosecution.") (citing
Taplin-Rice-Clerkin Co. v. Hower, 124 Ohio St. 123 (1931)).

2008).

(Report & Recommendation 11, ECF No. 42.)

Consequently, for a malicious prosecution claim, the claimant must plead that the defendant instituted or continued the relevant proceedings. Under Ohio law, in order for a private person to be liable for instituting a proceeding, he or she must knowingly provide false information. *Archer v. Cachat*, 165 Ohio St. 286, 287–88 (1956) ("In order to charge a private person with the responsibility for the initiation of proceedings by a public official, it must therefore appear . . . that the information furnished by him upon which the official acted was known to be false.") (internal quotations omitted). Moreover, "[t]o be liable for the continuation of criminal proceedings, a party must actively insist upon or urge the prosecutor to continue the criminal proceedings once he learns that the charge is not well founded." *Bacon v. Kirk*, No. 1–99–33, 2000 WL 1648925, at *21 (Ohio. Ct. App. Oct. 31, 2000); *see also Archer*, 165 Ohio St. at 288 (indicating that a private citizen whose "desire to have the proceedings initiated expressed by direction, request, or pressure of any kind was the determining factor in the decision to commence the prosecution" could also be liable for malicious prosecution).

Plaintiff objects to the Magistrate Judge's finding that she failed to plead sufficient facts to indicate that the moving Defendants either instituted or continued her proceedings. She stresses that she is entitled to make alternative statements within her pleadings, and maintains that portions of her proposed Second Amended Complaint maintain that Defendants intentionally or willfully manufactured and misrepresented evidence against her. (Objections 2–3, ECF No. 44.) Plaintiff also emphasizes that her

Second Amended Complaint states that all the Defendants knew she was not guilty of identity fraud and that these Defendants procured her prosecution. (*Id.* at 5.)

Upon review, the Court finds that both of Plaintiff's Amended Complaints fail to state a claim of malicious prosecution against the moving Defendants. Certainly Plaintiff is entitled to plead in the alternative,[10] and her pleadings will be sufficient if any of her alternatives state a claim. *See* Fed. R. Civ. P. 8(d)(2). Nevertheless, under *Iqbal* the Court is not required to accept conclusory statements as true if they have no factual support. *Iqbal*, 129 S.Ct. at 1949. This principle also applies to allegations regarding a person's mental state. *Id.* at 1954. In *Iqbal*, the Supreme Court disregarded a respondent's bare assertions that petitioner "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" *Id.* at 1954. The Supreme Court reasoned that while a plaintiff was not required to plead allegations of mental state with particularity, the requirements of Rule 8 still applied. *Id.* The Court noted that "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.* Several federal courts have followed this holding and applied *Iqbal's* facial plausibility standard to pleading state of mind. *See, e.g., Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 191 (2nd Cir. 2010) (stating that *Twombly* pleading "requirement[s] appl[y] to pleadings of intent as well as conduct."); *Bourne v. Stewart Title Guar. Co.*,

---

[10] Plaintiff's pleadings may also be internally inconsistent. Fed. R. Civ. P. 8(d)(3).

No. 09–cv–270, 2011 WL 635304, at *3 (D.N.H. Feb. 16, 2011) ("[A]llegations of intent must satisfy the above-described plausibility standard to survive a motion to dismiss."); *U.S. ex rel. Decesare v. Americare in Home Nursing*, No. 1:05–cv–696, 2011 WL 607390, at *6 (E.D. Va. Feb. 10, 2011) ("In other words, factual allegations are still required to support scienter."); *see also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) (requiring that "pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind").

Plaintiff has failed to plead sufficient facts against the Insight Defendants for the Court to draw a reasonable inference that they either instituted or continued her prosecution. First, Plaintiff fails to provide sufficient facts that the Insight Defendants knowingly provided false information. Plaintiff states, in conclusory fashion, that the Insight Defendants intentionally placed an erroneous cable order and then intentionally manufactured evidence against her. (Second Am. Compl. ¶¶ 9, 11–12, 14.) Nevertheless, other than Plaintiff's bare assertions regarding the Insight Defendants' intent and knowledge, she provides absolutely no factual support for the notion that these Defendants knowingly provided false information. Specifically, Plaintiff provides no factual grounds that allow the Court to reasonably infer that a private cable company, with no apparent relationship to Plaintiff, would purposely provide false information in an attempt to incriminate her. As the Magistrate Judge noted in her Report and Recommendation:

> Neither of Plaintiff's Amended Complaints asserts any facts indicating that some ill will existed between Plaintiff and the Insight Defendants prior to Plaintiff's prosecution. Furthermore, Plaintiff has not provided any factual

> information making it even plausible that the Insight Defendants would knowingly lie to either a grand jury or the police about Plaintiff or the value of her cable services.

(Report & Recommendation 15–16, ECF No. 44.)  Rather, from the non-conclusory facts Plaintiff presents regarding the Insight Defendants, it appears far more likely that any false information was provided without any culpability whatsoever.  *See Iqbal*, 129 S. Ct. 1951–52 (holding that a respondent failed to plead discriminatory intent when, based on the non-conclusory facts pled, there was "an obvious alternative explanation" for the respondent's arrest).  Second, although Plaintiff's Complaints contain cursory opinions that the Insight Defendants ratified her continued prosecution and failed to provide exculpatory evidence (*see* Second Am. Compl. ¶ 30, Ecf No. 17-1), Plaintiff's allegations provide no non-conclusory factual support for the notion the Insight Defendants pressured the prosecutor or actively insisted on her prosecution.[11]

The Court also finds that Plaintiff's allegations fall short as to Defendant Martin. As the Magistrate Judge noted, Plaintiff's Amended Complaints provide little clarity regarding how Defendant Martin, Plaintiff's ex-spouse, is actually involved in this case. (*See* Report & Recommendation 13, ECF No. 42.)  Within her Amended Complaints, Plaintiff relies on the same conclusory allegations that she raises against all Defendants, namely that Defendant Martin intentionally manufactured evidence against

---

[11]  Plaintiff's Second Amended Complaint asserts that the moving Defendants failed to provide exculpatory evidence to the prosecutor. (Second Am. Compl. ¶ 30, ECF No. 17-1.)  Under Ohio law, however, a private person must play an active role in pressuring the prosecutor to be liable for continuation of proceedings.  *See Bacon*, 2000 WL 1648925, at *21 n.24 (indicating that a person would not be liable for continuation of a prosecution if "he intentionally refrains from informing a public prosecutor, into whose control the prosecution has passed, of subsequently discovered facts that clearly indicate the innocence of the accused") (quoting Restatement of the Law 2d, Torts (1977), Section 655, Comment c).

her knowing she was innocent.  Once again, the Court concludes that, without further factual allegations, Plaintiff has failed to provide sufficient factual detail to justify a reasonable inference that Defendant Martin knowingly provided false information against her.  Moreover, other than bare assertions that Defendant Martin continued Plaintiff's prosecution, Plaintiffs' Amended Complaints provide no factual support for the notion that Defendant Martin actively insisted on or encouraged the prosecutor to continue proceedings against her.

### 2. Abuse of Process

Plaintiff's next claim is for abuse of process.  In examining the elements of abuse of process under Ohio Law, the Magistrate Judge emphasized that a plaintiff must establish that process was used to accomplish an ulterior purpose.  (Report & Recommendation 16, ECF No. 42 (citing *Pierson v. Aaron's Rental,* No. 10AP–45, 2010 WL 4522425, at *8 (Ohio. Ct. App. Nov. 9, 2010).)  The Magistrate Judge then found that Plaintiff had failed to plead sufficient facts to support this claim.

Although Plaintiff objects to the Magistrate Judge's abuse of process findings, she still does not make clear what facts she set forth within her Amended Complaints to support her conclusory assertions that the moving Defendants were acting with an ulterior purpose.[12]  Rather, from its review of the Amended Complaints, the Court agrees with the Magistrate Judge's conclusions.  Specifically, the Magistrate Judge found:

---

[12]  In her Objections, Plaintiff, for the first time, reveals new facts, not addressed within her Amended Complaints, regarding Defendant Martin.  The Court will address these facts in its decision, below, concerning leave to amend.

> Even assuming Plaintiff has properly alleged the other elements of her abuse of process claim, Plaintiff fails to satisfy federal pleading requirements for the ulterior purpose element. Plaintiff merely recites the ulterior purpose element of her abuse of process claim, without any further factual support. Specifically, Plaintiff's Second Amended Complaint states that Defendants perverted legal proceedings, "to attempt to accomplish an ulterior purpose . . . ." (Second Am. Compl. ¶ 35, ECF No. 17-1.) Plaintiff does not identify what ulterior motive with which Defendants were acting, nor does she plead facts that allow the Court to reasonably infer that Defendants had some ulterior motive.

(Report & Recommendation 17, ECF No. 42 (internal footnotes omitted).)  Accordingly,

the Court concludes that Plaintiff has also failed to state an abuse of process claim

against the moving Defendants.

### 3. Ohio Revised Code § 2921.45

The Magistrate Judge also determined that Plaintiff failed to state a claim for

violation of Ohio Rev. Code. § 2921.45.  The Magistrate Judge emphasized that

§ 2921.45 applies only to public servants.  She consequently found as follows:

> In this case, Plaintiff has failed to allege sufficient facts to indicate that Defendants are public servants within the meaning of § 2921.45.  First, Plaintiff's Amended Complaints state no facts supporting the notion that any of the moving Defendants are either public officials or candidates for public office.  Nor do Defendants' roles as a witness or informer fit within the type of positions described as ad hoc governmental functions.  *See* Ohio Rev. Code § 2921.01(B)(2); *see also* Ohio Rev. Code § 2921.05 (separately listing "public servant" and "witness").  Furthermore, although Plaintiff's Amended Complaints state, without any further elaboration, that Defendants were acting collectively, Plaintiff pleads no facts to indicate that the moving Defendants were acting on behalf of the state.  *See Graham v. Johanns*, No. 2:07-cv-453, 2008 WL 3980870, at *14 (S.D. Ohio 2008) (holding a plaintiff was not a public servant under Ohio law because there was no evidence "that she was acting in any capacity on behalf of a state government entity").  Accordingly, because Plaintiff has failed to plead facts that demonstrate that Defendants are public servants, she is not entitled to relief against them under Ohio Revised Code § 2921.45.

(Report & Recommendation 18–19, ECF No. 42.)

In her Objections, Plaintiff does not specifically challenge the Report and Recommendation as to the Magistrate Judge's findings regarding Ohio Rev. Code § 2921.45. Rather, Plaintiff broadly maintains that Defendants conspired in concert to bring charges against her. (Objections 14–16., ECF No. 44.)  Plaintiff's conclusory statements that Defendants were acting collectively and conspiring to manufacture evidence, without more, still are not enough to state a claim under Ohio Rev. Code § 2921.45. For the reasons outlined in the Report and Recommendation, the Court agrees with the Magistrate Judge and finds that Plaintiff has failed to plead sufficient facts to allow the Court to draw a reasonable inference that the moving Defendants were public servants within the meaning of Ohio Rev. Code § 2921.45.

### 4. 42 U.S.C. § 1983

Finally, within her Objections, Plaintiff also maintains that she has stated a claim against the moving Defendants for violation of 42 U.S.C. § 1983.[13] (*See* Objections 14–16, ECF No. 44.)  The Magistrate Judge found that Plaintiff failed to state claims against the moving Defendants under 42 U.S.C. § 1983. (Report & Recommendation 11 n.12, ECF No. 42.)

Upon review, the Court finds that Plaintiff fails to state claims against the moving Defendants pursuant to 42 U.S.C. § 1983. First, as the Magistrate Judge noted, Plaintiff indicated in her Amended Complaints that she brings her § 1983 claims against Defendants Van Hoose, Donini, Scioto County, and the Scioto County Board of

---

[13] In this section of her Objections, Plaintiff implies that the Magistrate Judge failed to construe Plaintiff's pleadings as to do justice under Federal Rule of Procedure 8(e). (Objections 13–14, ECF No. 44.) Plaintiff does not develop this argument, and the Court finds no merit to it.

Commissioners, and not the moving Defendants.  Second, once again applying the standards of *Iqbal* and *Twombly*, Plaintiff's conclusory statements indicating that Defendants acted collectively and conspired against her, without further factual elaboration establishing a sufficiently close relationship between the moving Defendants and the government Defendants, is not enough to demonstrate that the moving Defendants were acting under the color of law for § 1983 purposes.  *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (holding that private citizen, who a plaintiff accused of fabricating evidence, was not acting under the color of law for purposes of § 1983).

## B.  Leave to Amend

Having concluded that Plaintiff has failed to allege sufficient facts to state a claim, the Court must decide whether to grant leave to amend pursuant to Rule 15(a).  *See Brown v. Matauszak*, No. 09–2259, slip op., 2011 WL 285251, at *6 (6th Cir. Jan. 11, 2011) (" 'When a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend.' ") (quoting *PR Diamonds, Inc., v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004)).  The United States Court of Appeals for the Sixth Circuit has indicated generally that " '[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.' " *Id.* (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1483 (3d ed. 2010)).

In this case, in partial response to the Insight Defendants Motion to Dismiss, Plaintiff filed a Motion for Leave to File Amended Complaint (ECF No. 17), attaching her proposed Second Amended Complaint (ECF No. 17-1).  Nevertheless, for the reasons

described above, allowing amendment would be futile as to the Insight Defendants. Specifically, Plaintiff's proposed Second Amended Complaint, provided in response to the Insight Defendants' Motion to Dismiss, still fails to allege sufficient facts to state any claim against the Insight Defendants.

Plaintiff did not move to amend her complaint in response to Defendant Martin's Motion for Judgment on the Pleadings. Yet, Plaintiff asserts several facts regarding Defendant Timothy Martin for the first time in her Objections. Specifically, Plaintiff's Objections indicate that Defendants Martin and Plaintiff's relationship has been bitter since their divorce; Defendant Martin received a collection bill from the Insight Defendants regarding his son Jeffrey Martin; Defendant Martin is friends with Defendant, and Scioto County Sheriff's Deputy, Steve Van Hoose; and that Defendant Martin provided Defendant Van Hoose with the billing information he received from the Insight Defendants in order to obtain an indictment against his ex-wife. (Objections 1–2, 10.) Plaintiff failed to bring any of these facts to light in either of her Amended Complaints and instead raised them as bases for her Objections some eight months after she instituted this lawsuit.[14]

Based on these newly raised facts, however, the Court is unwilling to conclude that allowing Plaintiff to amend her complaint as to Defendant Martin would be futile.[15]

---

[14] Certainly, the Magistrate Judge did not err in denying leave to amend on futility ground based on the record before her and cannot be faulted for failing to take into account facts that Plaintiff failed to previously mention.

[15] The Magistrate Judge noted above that the moving Defendants, including Defendant Martin, are likely absolutely immune to the extent Plaintiff's claims are based on statements made to the Scioto County Grand Jury or Prosecutor. Nevertheless, at least some authority exists to support the notion that absolute immunity does not apply, under Ohio law, to statements private citizens make to police officers during initial investigation. *See Scott v. Patterson*, No. 81872, 2003 WL 21469363, (Ohio Ct. App. June 26, 2003) (holding that absolute immunity from malicious prosecution did not apply to a statement a

Consequently, the Court will allow Plaintiff to file an amended complaint as to Defendant Martin. Plaintiff is once again cautioned that, pursuant to *Iqbal* and *Twombly*, the Court will not accept bare assertions, without factual support, in assessing his pleadings.

## IV. CONCLUSION

Based on the above reasons, the Court **ADOPTS** the Magistrate Judge's January 26, 2011 Report and Recommendation to the extent it is consistent with this Opinion and Order.

In particular, the Court **GRANTS** the Motion of Defendants Insight Communications Company L.P. and Insight Communications of Central Ohio, LLC to Dismiss Plaintiff's Amended Complaint (ECF No. 11). Plaintiff's claims against these Defendants are **DISMISSED** with prejudice. The Clerk is **DIRECTED** to remove the Insight Defendants from the Court's docket. To the extent Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 17) seeks to revive claims against the Insight Defendants, it is **DENIED**. The Motion of Defendants Insight Communications Company L.P. and Insight Communications of Central Ohio, LLC to Strike Plaintiff's Arguments Regarding Insight in Her Memorandum Contra to Defendant Timothy Martin's Motion to Dismiss (ECF No. 36) is **DENIED** as moot.

The Motion of Defendant Timothy Martin to Dismiss Plaintiff's Amended Complaint (ECF No. 34) is **GRANTED**. Nevertheless, Plaintiff, if she so chooses, may

---

private citizens gave to police which triggered an investigation). The Court stresses that it does not reach this issue at this time, and that Defendant Martin is free to move to dismiss Plaintiff's Amended Complaint if he so chooses.

file a revised Second Amended Complaint as to her claims against Defendant Martin.[16]

Additionally, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 17) is

**GRANTED** to allow Plaintiff to withdraw her claims for wrongful imprisonment and

arrest, and to identify John Doe 1 as Jodi A. Conkel.[17]  Additionally, Plaintiff, if she so

chooses, may file a revised Second Amended Complaint as to her claims against

Defendant Martin.  Plaintiff is **DIRECTED** to file her revised Second Amended

Complaint, in compliance with the Court's instructions, within **FOURTEEN (14) DAYS** of

the date of this Opinion and Order.   Following service of Plaintiff's revised Second

Amended Complaint, Defendant Martin shall answer or otherwise move within the

normal time frame allotted under Federal Rule of Civil Procedure 12.

> **IT IS SO ORDERED.**

> **MICHAEL H. WATSON, JUDGE**
> **UNITED STATES DISTRICT COURT**

---

[16]  Accordingly, the Clerk should not remove Defendant Martin from the docket at this time.

[17]  Defendants do not oppose amendment for these purposes.  Plaintiff should fashion her revised Second Amended Complaint accordingly.